IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| BENNY KELLY, JR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | CASE NO. |
| v. | : | 3:21-CV-141 (CAR) |
| | : | |
| STAR TRANSPORTATION, | : | |
| COVENANT TRANSPORTATION, | : | |
| and GALLAGER & BASSETT, | : | |
| | : | |
| Defendants. | : | |

**ORDER ON MOTION TO PROCEED IN FORMA PAUPERIS**

Currently before the Court is Plaintiff Benny Kelly, Jr.'s Motion to Proceed *In Forma Pauperis* ("IFP") [Doc. 2]. Plaintiff, proceeding *pro se*, seeks to initiate a lawsuit involving the denial of his claim for worker's compensation insurance against his former employer Star Transportation, which is now owned by Covenant Transportation, and Gallager & Bassett insurance company. For the reasons explained below, the Court **GRANTS** Plaintiff's Motion to proceed IFP [Doc. 2]. However, his Complaint is **DISMISSED WITHOUT PREJUDICE**. Because the Eleventh Circuit Court of Appeals has instructed district courts to give *pro se* plaintiffs an opportunity to amend the complaint when it appears the complaint might state a claim if it is more

1

carefully drafted, Plaintiff is hereby given **leave to file a Motion to Amend Complaint, attaching a First Amended Complaint, within thirty (30) days** of the date of this Order.

**A. Motion to Proceed IFP**

Motions to proceed IFP are governed by 28 U.S.C. § 1915(a)(1), which provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor.

When considering a motion to proceed IFP filed under § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty."[2] The Court should accept statements contained in an IFP affidavit, "absent serious misrepresentation."[3] Although a litigant need not show he is "absolutely destitute" to qualify under § 1915(a), he must show that "because of his poverty, he is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents."[4]

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306, n. 1 (11th Cir. 2004).

[2] *Martinez v. Kristi Keaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (internal quotation marks and citation omitted).

[3] *Id.*

[4] *Id.* (citation omitted).

2

The Court has reviewed Plaintiff's application to proceed IFP and is satisfied that he cannot pay the court fees because of his poverty. Plaintiff states he has $250.00 in his bank account; his only assets are a home valued at $80,000.00 and a car valued at $1,000.00; he receives $1,455.00 in disability benefits; and his monthly expenses are $1,400.00.[5] He states that he has "ongoing health issues that prevent [him] from getting employment to pay for expenses,"[6] and his "expenses are ongoing and already in excess of $75,000.00 in medical bills alone."[7] Thus, Plaintiff qualifies as a pauper under §1915, and his Motion for IFP is **GRANTED**.

## B. Preliminary Screening

Because Plaintiff is proceeding IFP, the Court is required to screen his Complaint and must *sua sponte* dismiss the complaint or portion thereof which (1) is found to be frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.[8] Title 28 U.S.C. § 1915(e) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the

---

[5] Doc. 2.
[6] *Id.* at p. 5.
[7] Doc. 1, p. 4.
[8] 28 U.S.C. § 1915(e)(2)(b).

complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[9]

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" and the legal theories "indisputably meritless," or when it is apparent that "the defendant's absolute immunity justifies dismissal before service of process."[10] As a result, "[d]ismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is 'plausible on its face'"[11] and is governed by the same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6).[12] However, *pro se* "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."[13]

As is its duty, the Court has scrutinized Plaintiff's Complaint and liberally construed his assertions.[14] Plaintiff's allegations, in their entirety, are as follows:

> While I was an employee of Star Transportation, which was bought by Covenant Transportation, I was injured on the job in an accident, on March 16, 2020. I filed a claim of workman compensation and was approved. I was then cut off of workman compensation in June 2020,

---

[9] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).
[10] *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).
[11] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009)).
[12] *See, e.g.*, *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).
[13] *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (citations omitted).
[14] *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

> handled by Gallagher & Basset. I was unable to work due to the injury sustained on the job and left without insurance to pay for my medications and other healthcare needs. This caused by blood pressure to remain elevated for long periods of time, which led to diabetes, loss of sight and end stage renal failure.[15]

Plaintiff seeks $7,753,379.00 in punitive damages and for pain and suffering.

From these scant allegations, the Court cannot ascertain the nature of the claims Plaintiff attempts to assert against Defendants; how Defendants caused Plaintiff any harm; or whether any claim would be legally viable in this Court. As a result, the Court cannot determine a jurisdictional basis for this suit.[16] No facts indicate Plaintiff's claims arise under the Constitution, laws, or treaties of the United States, and therefore it does not appear federal question jurisdiction exists.[17] Plaintiff states that he brings this case pursuant to the Court's diversity jurisdiction, but he does not identify any state common law or statutory claim. To the extent Plaintiff seeks to appeal the denial of his worker's compensation claim, federal courts are not the proper venue. Adequate remedies for review of the denial of such claim is, or was, available to Plaintiff under the Georgia Worker's Compensation Act.  Thus, even under the most liberal of constructions, Plaintiff's Complaint fails to state any claim for relief.

---

[15] Doc. 1, p. 8.

[16] A district court must have "at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997).

[17] 28 U.S.C. § 1331.

## CONCLUSION

Plaintiff's Motion to Proceed IFP [Doc. 5] is **GRANTED.** However, Plaintiff's Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2). The United States Court of Appeals for the Eleventh Circuit has "held that when a more carefully drafted complaint might state a claim, a plaintiff must be given at least one change to amend the complaint before the district court dismisses the action with prejudice."[18] Thus, Plaintiff is hereby given **leave to file a Motion to Amend Complaint, attaching a First Amended Complaint, within thirty (30) days** of the date of this Order. In the amended complaint, Plaintiff must describe his claims; allege all facts necessary to support his claims; identify and explain how each Defendant's actions violated his rights and caused him harm; and inform the Court how it has subject matter jurisdiction to hear his claim. If the claim arises under federal law, Plaintiff must identify the federal law. If the claim is being brought under diversity of citizenship, Plaintiff must identify the specific state law claim he brings.

**SO ORDERED**, this 10th day of January, 2022.

S/ C. Ashley Royal_____
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

---

[18] *Gary v. U.S. Gov't*, 540 F. App'x 916, 917 (11th Cir. 2013); *Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 427 (11th Cir. 2010).