IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| BENNY KELLY, JR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | CASE NO. |
| v. | : | 3:21-CV-141 (CAR) |
| | : | |
| STAR TRANSPORTATION, | : | |
| COVENANT TRANSPORTATION, | : | |
| and GALLAGER & BASSETT, | : | |
| | : | |
| Defendants. | : | |

**ORDER DISMISSING AMENDED COMPLAINT**

Currently before the Court is *pro se* Plaintiff Benny Kelly, Jr.'s Amended Complaint seeking to initiate a lawsuit involving the termination of his worker's compensation insurance against his former employer Star Transportation, which is now owned by Covenant Transportation, and Gallager & Bassett insurance company. For the reasons explained below, the Court **DISMISSES** Plaintiff's Amended Complaint [Doc. 4] for lack of jurisdiction.[1]

On January 10, 2022, this Court granted Plaintiff's Motion to Proceed *in Forma Pauperis* but did not allow his Complaint to be served because he failed to provide sufficient allegations from which the Court could ascertain the nature of his claims, how

---

[1] Plaintiff also filed a second Motion for Leave to Proceed *in Forma Pauperis* ("IFP"). This Court has already granted Plaintiff the ability to proceed IFP [Doc. 3]. Thus, Plaintiff IFP Motion [Doc. 5] is **MOOT**.

1

Defendant caused Plaintiff any charm, whether any claim would be legally viable, or whether this Court had subject matter jurisdiction to consider his claims. The Court allowed Plaintiff the opportunity to file an Amended Complaint, and Plaintiff has done so.[2]

In his Amended Complaint, Plaintiff states that he was injured "on the job" on March 16, 2020; he filed a claim for workers' compensation and was approved.[3] He was then "cut off" of workers' compensation in June 2020.[4] He alleges Defendants unlawfully and prematurely stopped his workers' compensation payments, his primary source of income and medical care at the time. As a result, he lost both kidneys and his eyesight. He seeks $10 million.

Because Plaintiff is proceeding IFP, the Court is required to screen his Complaint and must *sua sponte* dismiss the complaint or portion thereof which (1) is found to be frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.[5] Title 28 U.S.C. § 1915(e) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the

---

[2] Although Plaintiff filed his Amended Complaint after the deadline imposed by the Court, the Court will consider the Amended Complaint as timely filed.
[3] Doc. 4, p. 6.
[4] *Id.*
[5] 28 U.S.C. § 1915(e)(2)(b).

complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[6]

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" and the legal theories "indisputably meritless," or when it is apparent that "the defendant's absolute immunity justifies dismissal before service of process."[7] As a result, "[d]ismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is 'plausible on its face'"[8] and is governed by the same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6).[9] However, *pro se* "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."[10]

As is its duty, the Court has scrutinized Plaintiff's Complaint and liberally construed his assertions.[11] Plaintiff ostensibly brings his claims under the Court's diversity jurisdiction. But Plaintiff's workers' compensation claims fall under the exclusive jurisdiction of Georgia's State Board of Workers' Compensation. "The State Board of Workers' Compensation has exclusive original jurisdiction of claims under the

---

[6] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).
[7] *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).
[8] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009)).
[9] *See, e.g., Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).
[10] *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (citations omitted).
[11] *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

Workers' Compensation Law."[12] A "complete and exclusive system for the resolution of disputes between employers, their workers' compensation insurers, and their employees does, of necessity, include the power to resolve workers' compensation insurance coverage issues that bear upon the payment of benefits to an injured employee claimant."[13] Thus, adequate remedies for review of the denial of Plaintiff's claim is, or was, available to Plaintiff under the Georgia Worker's Compensation Act.

## CONCLUSION

Because Georgia's State Board of Workers' Compensation has exclusive jurisdiction over Plaintiff's claim, his Amended Complaint [Doc. 4] is hereby **DISMISSED** for lack of jurisdiction pursuant to 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this 16th day of November, 2022.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

---

[12] *Royal Indem. Co. v. Georgia Insurers Insolvency Pool*, 284 Ga. app. 787, 789 (2007) (quoting *Churchwell Bros. Constr.Co. v. Archie R. Briggs Constr. Co.*, 89 Ga. App. 550, 554 (1954)).
[13] *Builders Insur. Group, Inc. v. Ker-Wil Enterprises, Inc.*, 274 Ga. App. 522, 525 (2005).